92

BLUM, APPELLANT, *v.* BLUM, APPELLEE.

(No. 40136—Decided February 15, 1967.)

*Messrs. Osborne & Chacksfield* and *Mr. Frank J. Longano,* for appellant.

*Mr. Calvin W. Prem,* for appellee.

HERBERT, J.  The question presented here is whether a trial court has the authority, after entry of a divorce decree, to order a former husband to pay his former wife expense money for attorney fees incurred in post-decree proceedings in the trial court affecting the support of the minor children of the parties.

Although counsel, in their briefs, have cited numerous cases and authorities from Ohio, as well as from other jurisdictions, an extended discussion here of such references is not deemed necessary.  Suffice it to say that the courts, in their exercise of jurisdiction over domestic relations, owe to society no duty more essential or important than that of compelling divorced parents of minor children to provide for their care and supervision to the best of their ability.  Section 3103.03 of the Revised Code recognizes the financial responsibility of a husband to his family in these words:

"The husband must support himself, his wife, and his minor children out of his property or by his labor.  * * * If he neglects to support, * * * any other person * * * may supply * * * necessaries * * * and recover the reasonable value thereof from the husband. * * *"

In our opinion, the word, "necessaries," appearing in the above statute includes a reasonable allowance for expense money to employ the services of an attorney to prosecute or defend an action in a court concerning the enforcement of the duty of the divorced father—within reasonable limits—to support his minor children.  Otherwise, as a practical matter, a divorced father would be insulated from his obligation of support whenever the divorced mother did not have the resources to pay an attorney.

Section 3109.05 of the Revised Code provides that:

"The court may order either or both parents to support or help support their children * * *."  This statute would be a feeble command unless a court can insure enforcement of its

orders by allowing attorney fees to the party that seeks enforcement of this provision of the Revised Code. *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452, clearly requires that this obligation of support continue beyond the journal date of the divorce decree. Hence, appropriate enforcement must also continue. The court held:

"1. The obligation of the father to provide reasonably for the support of his minor child, until the latter is in a condition to provide for his own support, *is not impaired* by a decree which divorces the wife a vinculo, on account of the husband's misconduct, gives to her the custody, care and nurture of the child, and allows her a sum of money as alimony, *but with no provision for the child's support.*

"2. The mother may recover a reasonable compensation from the father, for necessaries furnished by her to the child after such decree, and may maintain an original action for such compensation against the father, in a court other than that in which the divorce was granted." (Emphasis added.)

Section 3105.061 of the Revised Code is further authority in support of the expense allowance order. It reads as follows:

"In any action arising under Sections 3105.01 to 3105.99, inclusive, of the Revised Code, where the court has continuing jurisdiction of the subject matter and has once acquired jurisdiction over the person of the parties, the court shall retain jurisdiction over the parties until any judgment, order or decree or modification thereof is complied with and satisfied and the court shall *retain jurisdiction over said parties for the purpose of the modification of any order or decree relating to the support or custody of the minor children of the parties.*" (Emphasis added.)

The court did acquire jurisdiction over the subject matter and over the parties. This jurisdiction continued under the provisions of the foregoing statutes. The matters before the court in this action pertained "to the support * * * of the minor children of the parties." Thus, since the trial court can allow attorney fees in its discretion as "expenses during the suit" under Section 3105.14 of the Revised Code, *Stuart* v. *Stuart*, 144 Ohio St. 289, the trial court can allow attorney fees in its discretion as the suit continues. The divorce decree did not exhaust the court's power to award

attorney fees, *e.g., Fox* v. *Fox* (1933), 263 N. Y. 68, 188 N. E. 160; *Constantine* v. *Constantine* (1963), 274 Ala. 374, 149 So. 2d 262; *Smith* v. *Smith* (1910), 151 Mo. App. 649, 132 S. W. 312.

It follows, therefore, that a trial court does have the authority, after entry of a divorce decree, to order the divorced husband to pay his former wife a reasonable amount for attorney fees incurred in post-decree proceedings relative to the support of the minor children of the marriage.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.