MONTGOMERY COUNTY WELFARE DEPARTMENT, APPELLANT, *v.* BOBO, APPELLEE.

(No. CA 8873—Decided November 26, 1984.)

*Lee C. Falke,* prosecuting attorney, and *Timothy P. O'Brien,* for appellant. *Don A. Little,* for appellee.

McBRIDE, J. This case experienced a variety of misadventures before arriving at the issue upon which it is appealed.

It began in 1974 with a complaint and judgment for divorce which included an order for support for three children. The instant scenario began January 31, 1983 with the filing of a motion in the original divorce action by the Montgomery County Welfare Department, as assignee of the wife, Nancy L. Bobo, because the husband-appellee, Robert Earl Bobo, was in arrears in support payments in the amount of $9,662.60 according to the records of the Montgomery County Bureau of Support. The prayer of the motion was for contempt of court or for judgment for arrearage for support, which had been advanced by the welfare department. On a motion to strike because the welfare department was not a party and because a copy of the assignment of interest was not attached to the motion, the motion to strike was sustained.

The purely formal step of obtaining approval for the joinder of the assignee was not requested. Civ. R. 25(C). The existence of an assignment, whether in fact or by operation of law, was stated in the motion. The evidence of it was not attached to the motion for relief. A motion to strike was summarily sustained.

Appellant filed a second identical motion submitting an affidavit of the assignment. This resulted in a similar action by the court on a motion to strike. While the steps taken by appellant were again not in the best procedural posture, application of the ultimate sanction of dismissal was an abuse of discretion under any view of what must be alleged in a pleading or other request for relief.

This second order was followed by a motion by appellant for judgment notwithstanding the verdict, a motion which was clearly not appropriate.

Then the appellee, who was alleged to be in default for payment of $9,662.60 for child support, moved for attorney fees. The amount for such fees was assigned to a referee on that factual issue only. The trial court accepted the amount of $345, entered a judgment and order that this amount be paid by the welfare department within thirty days. Notice of appeal followed.

Nothing in the record suggests that appellee ever paid anything on the judgment for child support. Nothing suggests that the children did not require support or that the welfare department should not have stepped into the breach and used public relief funds.

Based upon a technicality which the Civil Rules were designed to relieve, relief was denied and the movant assessed a penalty because the defaulting parent was successful in obtaining an improper dismissal on a motion to strike.

While the only assignment of error is whether a non-custodial parent under the circumstances in this case may recover attorney fees upon successfully defending a post-decree enforcement action for contempt and for judgment for an arrearage for child support, the facts and circumstances creating the issue in this case arise out of an unfortunate procedural history without a determination

on the merits and without a benefit to any party.

The trial court found it had jurisdiction of appellant's action to enforce child support but that because of the improper procedure undertaken, mistakenly but in good faith by appellant, appellee, who allegedly was substantially in default and possibly in contempt, was entitled to attorney fees for resisting payment of the court order.

We are not furnished a similar case or authority for the action taken. Reliance upon Civ. R. 75(M)(1) is misguided. It relates exclusively to child support pendente lite. The reference there is to an allowance for "expenses" while the original action is pending. This rule contains no authority to impose sanctions (expenses) in favor of the non-custodial parent who fails to obey a final court order to support his children.

In the absence of authority for the action taken, we find that it was error and an abuse of discretion under the circumstances of this case to award a sanction against a client of judgment for attorney fees to one who, at this point, has successfully delayed judicial action for failure to pay for the support of his children under a valid order of the court. There is no public policy to justify the award against a party without a hearing on the merits or to justify rewarding a defendant under such circumstances with attorney fees because he was able to capitalize on honest procedural mistakes of counsel and avoid his legally determined obligations. We are not aware of similar sanctions imposed in a similar or other civil action for what amounts to a failure to attach evidence to a motion.

The attorney fees in this case were not incurred for the public purpose of support for minor children, as in *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92 [38 O.O.2d 224]. Rather, they were incurred for the contrary purpose of resisting and thwarting payment of a lawful court order upon a parent for the support of such parent's children. The action of the appellee, approved by the trial court, was in defiance of the same court's order on behalf of the welfare of the children. If these expenses of attorney fees were imposed upon the custodial parent, the court would in effect be denying the children that portion of funds ordered (but never paid) for their support.

The final action taken by the trial court was not on the merits which is the appropriate time to consider a possible award of attorney fees.

The mistakes in this case were those of appellant's counsel in response to the error of the trial court in requiring the production of evidentiary material in a motion for relief. While there may be negligence in the response, the procedural circumstances do not reflect bad faith, vexatious, wanton, obdurate or oppressive conduct. *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184, 185 [75 O.O.2d 228].

In view of the distinctions in this case, no constitutional issue exists. Our opinion applies to those who ignore and resist lawful orders of the court issued for the purpose of providing bread in the mouths of one's own children. The imposition of attorney fees under the circumstances is contrary to law as well as an abuse of discretion, prematurely exercised.

The assignment of error is sustained.

The judgment will be reversed and the case remanded for such further action as may be required by law.

*Judgment reversed and cause remanded.*

WILSON, J., concurs in judgment.

WEBER, J., dissents.

McBRIDE, J., retired, of the Second Appellate District, was assigned to ac-

tive duty pursuant to Section 6(C), Article IV, Constitution.

WEBER, J., dissenting. The sole issue before this court is: "May a noncustodial parent recover attorney fees upon successfully defending a post-decree enforcement action for child support?"

The general rule in Ohio is that in the absence of a statutory provision making attorney fees a part of the costs, such fees cannot be recovered. *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184, 185 [75 O.O.2d 228].

As this is a post-decree proceeding, I agree that Civ. R. 75(M)(1) does not apply; however, *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92 [38 O.O.2d 224], does apply. The syllabus of that case provides:

"A trial court has authority, after the entry of a divorce decree, to enter an order requiring the divorced husband to pay reasonable expense money to his former wife to enable her to pay attorney fees incurred in post-decree proceedings relative to the support of the minor children of the marriage. (Sections 3103.03, 3105.061, 3105.14 and 3109.05 of the Revised Code construed and applied.)"

Neither the term "non-custodial" or "custodial" parent appears in the syllabus. To hold under this syllabus that a former husband must pay to a former wife but that, under all circumstances, a former wife is not required to pay a former husband contravenes our obligations under the Fourteenth Amendment to the Constitution of the United States of America as such a holding would deny the equal protection of the law to a substantial number of litigants.

It is my opinion that the trial judge under *Blum, supra,* has discretionary authority to award attorney fees in post-decree proceedings relative to the support of the minor children of the parties to either party, depending on the facts of a particular case.

It is my conclusion, then, that the trial judge may award to a non-custodial parent attorney fees upon successfully defending a post-decree enforcement action for child support, if the facts of the case require, and that such an award rests within the discretionary authority of the trial judge. See, also, Civ. R. 11.

The public policy argument fails because Civ. R. 75(M)(1) recognizes that either party may be required to pay the attorney fees of the other party. In my view, the public policy considerations are the same whether the situation involves pre- or post-decree proceedings.

While I agree with the majority that parents are civilly and criminally liable for the willful failure to support their children, that courts should impose swift and sure sanctions against any offending parents and that no one should be rewarded for wrongdoing, in this case, this defendant has not had the merits of his claimed wrongdoing litigated. It has not yet been determined whether this defendant has either violated the law or the order of the court.

The only issue before this court is whether the judgment awarding $345 for attorney fees should be affirmed. Appellant makes no objection to the amount awarded as attorney fees or to the dismissal. I find no abuse of discretion by the trial judge. Having concluded that the trial judge had authority to award attorney fees within the court's discretion, I would affirm the judgment of the trial court.