On June 10, 1997, Alice F. Kennedy (formerly known as Alice F. Talley) and Patrick A. Talley were divorced pursuant to a judgment entry-decree of divorce. Pursuant to this decree, Mr. Talley was required to pay Ms. Kennedy $1,000 per month in spousal support. Both parties appealed to this court. The parties engaged in mediation and, on August 27, 1997, an agreed entry was journalized, amending certain provisions in the decree. Mr. Talley's spousal support obligation was not amended in any way.
On November 20, 1997, Mr. Talley filed a motion to reduce or cancel his spousal support obligation on the basis he had been terminated from his employment. On February 27, 1998, a magistrate's order was journalized, temporarily suspending the previous spousal support order until further court order.
On May 7, 1998, the trial court put on an order vacating the February 27, 1998 magistrate's order, stating the magistrate had no authority under R.C. 3113.21 to suspend a support order. Mr. Talley attempted to appeal from this order; however, this court dismissed the appeal on June 10, 1998 for lack of a final, appealable order.
On May 26, 1998, Ms. Kennedy filed a motion for an order that Mr. Talley show cause why he should not be held in contempt for his failure to comply with the order that he pay $1,000 per month in spousal support. Ms. Kennedy alleged Mr. Talley had not paid his spousal support obligation for the months of January, February, March, April and May 1998. Ms. Kennedy also requested $750 for attorney fees.
A hearing on the show cause motion was held on June 16, 1998. On July 9, 1998, the trial court journalized an entry finding Mr. Talley in contempt for his failure to make spousal support payments from January 12, 1998 through February 27, 1998 (the date the magistrate temporarily suspended the spousal support obligation) and from May 7, 1998 (the date the trial court vacated the magistrate's order) through June 12, 1998. Mr. Talley was sentenced to thirty days in jail; however, this sentence was suspended so that Mr. Talley could purge himself of the contempt by paying the amount due for spousal support plus $750 for attorney fees.
Mr. Talley (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 "1. The Court cannot make a finding of guilty an[d] sentence same to incarceration without first having proved proper service upon that party.
 "2. A person cannot be found guilty of contempt in a derivative action as the mere fact that it is a derivative action precludes a finding of contempt when the actor is in compliance with an existing valid order of the court.
 "3. There was insufficient evidence to support a finding of 'contempt' as that act is defined by law in the State of Ohio.
 "4. The court permitted Plaintiff-Appellee to testify as an expert regarding attorney fees, and to express an expert opinion, in contravention of the Rules of Evidence."
In his first assignment of error, appellant contends he was never served with the motion to show cause and, therefore, the trial court lacked jurisdiction over his person and could not find him in contempt. Ms. Kennedy (hereinafter "appellee") contends, among other things, that the show cause motion was served upon appellant's attorney and that such was sufficient.
At the time of appellee's show cause motion, Civ.R. 75(I),[1] which applies to divorce and related proceedings, stated that the continuing jurisdiction of the court shall be invoked by motion, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6. InCarson v. Carson (1989), 62 Ohio App.3d 670, 673, the Brown County Court of Appeals stated that in order to properly invoke the trial court's continuing jurisdiction under Civ.R. 75(I), service must be made in accordance with Civ.R. 4 through Civ.R. 4.6, which require service upon the defending party — not service upon such party's attorney. Indeed, Civ.R. 4 and 4.1 essentially require service of summons upon the defending party by certified mail.
Here, the certificate of service on appellee's show cause motion indicated such motion was forwarded to appellant's counsel via ordinary U.S. mail. For the reasons that follow, we find that the trial court did have jurisdiction over appellant's person.
First, we note that the trial court's jurisdiction had already been invoked by appellant himself on November 20, 1997, when he filed his post-decree motion for modification of the spousal support. Appellee's show cause motion arose out of some of the same issues presented by appellant's November 20, 1997 motion.
Assuming, however, that appellee's show cause motion was subject to Civ.R. 75(I), appellant waived any objection to the trial court's exercise of continuing jurisdiction. Appellant never objected to any alleged insufficient service or lack of personal jurisdiction nor raised any related defenses.[2] In addition, appellant submitted himself to the trial court's jurisdiction by appearing and defending in the action. SeeCarson at 673.
Given the above, the trial court did not lack personal jurisdiction over appellant, and/or appellant waived any objection he may have had in this regard. Accordingly, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error will be addressed together. Appellant contends that he was in compliance with an existing, valid court order, and there was insufficient evidence of contempt. For the reasons that follow, we conclude the trial court did not err in finding appellant was in contempt of the August 27, 1997 agreed entry.
In support of his contention that he was in compliance with a valid court order, appellant asserts that the trial court erred in vacating the February 27, 1998 magistrate's order which temporarily suspended the spousal support order. In appellant's view, because the trial court erroneously vacated the magistrate's order, the magistrate's order is still in effect and, therefore, he is not in contempt. Appellee asserts that regardless of appellant's disagreement with the trial court's ruling on the magistrate's order, appellant still had to comply with the order to pay spousal support. We agree with appellee.
On February 27, 1998, the magistrate put on an order temporarily suspending, until further order of the court, the previous spousal support order. On May 7, 1998, the trial court put on an order vacating the February 27, 1998 magistrate's order. At this time, therefore, appellant was obligated to comply with the last court order regarding spousal support. This order consisted of the August 27, 1997 agreed entry which amended certain provisions of the divorce decree but left intact the $1,000 per month spousal support obligation.
Appellant contends the trial court erred in vacating the magistrate's order on the basis that R.C. 3113.21 did not give the magistrate authority to suspend the support order. However, appellant cannot fail to comply with a court order merely because he disagrees with the trial court's ruling. Contempt of court is defined as the disobedience of an order of a court.Arthur Young Co. v. Kelly (1990), 68 Ohio App.3d 287, 293, quoting Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus.
As a general rule, a court order, unless it is void, must be obeyed until it is set aside by orderly and proper proceedings.Arthur Young Co. at 295, citing State ex rel. Beil v. Dota
(1958), 168 Ohio St. 315. Indeed, a court order made pursuant to proper jurisdiction over the subject matter and the persons involved must be obeyed, regardless of whether it was imprudently or prematurely exercised. State ex rel. Beil at 321. In the case at bar, the trial court clearly had subject matter jurisdiction and, as already indicated above, had jurisdiction over appellant. Therefore, appellant was obligated to follow the court order to pay spousal support, regardless of the fact that appellant contends the trial court erred in vacating the magistrate's February 27, 1998 order.
We now turn to whether there was sufficient evidence of contempt. In order to show contempt, it is necessary to establish the existence of a valid court order, knowledge of the court order and violation of the court order. Arthur Young Co. at 295. Intent to violate the order need not be proved in civil contempt. Pugh v. Pugh (1984), 15 Ohio St.3d 136, paragraph one of the syllabus. The standard of proof is clear and convincing evidence, and judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. Id. at 298-299.
Here, there was some competent, credible evidence supporting the trial court's finding of contempt, and appellee clearly met its burden of establishing contempt by clear and convincing evidence. The trial court held appellant in contempt for failing to pay spousal support for the time periods of January 12, 1998 through February 27, 1998; and May 7, 1998 through June 12, 1998. The evidence supports that the last payment from appellant's old employment was made or received on or about January 12, 1998. The magistrate's order suspending the spousal support order was entered on February 27, 1998 and vacated on May 7, 1998. The evidence shows deductions from appellant's new employment began on June 12, 1998. Appellant testified he made no spousal support payments in February, March, April or May.
Given the evidence, the trial court's finding of contempt was not against the manifest weight of the evidence, and there was sufficient evidence supporting the trial court's decision.
Given all of the above, the trial court did not err in finding appellant in contempt. Accordingly, appellant's second and third assignments of error are overruled.
In his fourth and final assignment of error, appellant contends the trial court erroneously allowed appellee to testify as an expert regarding her attorney fees. We note that the trial court did not indicate it was receiving appellee's testimony with regard to her attorney fees as expert testimony. Appellee asserts that her testimony regarding the reasonable and necessary attorney fees she incurred in bringing this contempt action was proper and that an expert's opinion on such matter is not required.
A trial court has authority to grant reasonable attorney fees to the prevailing party in post-decree actions to enforce support obligations. Sladoje v. Sladoje (Feb. 20, 1990), Franklin App. No. 89AP-786, unreported (1990 Opinions 559), citing Blum v. Blum (1967), 9 Ohio St.2d 92, jurisdictional motion overruled in (1990), 53 Ohio St.3d 705; Goode v. Goode
(1991), 70 Ohio App.3d 125, 134. Such an award is within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359; Goode at 134.
In very limited circumstances, this court has held that the trial court may use its own knowledge and experience in reviewing the record to determine the necessity and reasonableness of attorney fees. Goode at 134, citing Sladoje,
citing Ward v. Ward (June 18, 1985), Franklin App. No. 85AP-61, unreported (1985 Opinions 1752). In Sladoje, there was no
evidence to show the amount of the attorney fees; rather, the moving party merely testified that she had incurred fees.Sladoje at 565. This court stated that the movant is not obligated to produce an expert witness on the issue of attorney fees, and the trial court could use its own knowledge and experience to determine the necessary and reasonable fees. Id.
In Goode, the movant allegedly failed to present evidence of the reasonableness of the attorney fees. Goode at 134. This court stated that given the nominal amount of the award ($1,000) and the additional fees the movant clearly incurred in trial, the award was not unreasonable or unconscionable. Id. InRand, supra, at 358, the Supreme Court stated that a showing of necessity was not a prerequisite to an attorney fees award.
Here, unlike in Sladoje, there was evidence of appellee's attorney fees, including appellee's testimony, the affidavit of appellee's attorney, and appellee's fee statement. From this evidence and simply by virtue of the trial court's own experience and knowledge of the case before it, the trial court could and did properly award appellee nominal, reasonable and necessary attorney fees. Accordingly, appellant's fourth assignment of error is overruled. Having overruled each of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding appellant in contempt is hereby affirmed.
Judgment affirmed.
BROWN and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Civ.R. 75 has since been amended, and former Civ.R. 75(I) is now Civ.R. 75(J). The language in such rule has not been amended.
[2] At the June 16, 1998 contempt hearing, after all the witnesses were called and after the trial court orally stated that it was finding appellant in contempt and sentenced appellant, appellant's attorney told the court that there had been no service on his client personally. We believe the trial court was correct when it told appellant's attorney that such "objection" was raised too late. See June 16, 1998 Tr. 37-38.