Plaintiff-appellant, Alan L. Rose, appeals from the October 18, 1996, judgment entry and the June 16, 1998 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the reasons that follow, we affirm the judgment of the trial court.
This case has been appealed twice before on similar issues concerning child support arrearage, a finding of contempt, and the award of attorney fees. See Rose v. Rose (May 23, 1996), Franklin App. No. 95APF12-1626, unreported (1996 Opinions 2020) ("Rose 1") and Rose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150, unreported (1997 Opinions 1136) ("Rose II").
As discussed in our earlier opinions, the parties were divorced in December 1984, and appellee was granted custody of their minor child. In January 1987, appellant filed a motion seeking a contempt finding against his ex-wife. Appellee responded with a five-branch motion of her own, which included a request that child support be increased from $75 per week to $85 per week.
The motions were set for hearing before a referee in May 1987. Once at court, the parties reached an agreement, which was memorialized in a series of handwritten pages entitled "Agreed Judgment Entry." The referee had the parties acknowledge the agreement in open court. The agreement included an increase of child support to $85 per week, effective May 26, 1987, and was signed by the parties, their counsel, and the referee. Neither party caused a judgment entry, signed by the trial court, to be filed.[1] Thus, the May 26, 1987 in-court agreement was never journalized. Appellant never began paying the increased support.
When the parties' child graduated from high school in June 1995, appellant sought to terminate his child support obligation. This motion led to the trial court's sua sponte
signing a judgment entry dated November 20, 1995, journalizing the May 1987 agreement without conducting a hearing to reconsider the matter. Appellee then filed a motion asking that any arrearages be reduced to judgment, and appellant appealed the November 20, 1995 judgment entry.
In Rose I, this court remanded the matter to the trial court to conduct a hearing on the issues affected by the entry to determine whether the agreement was fair and equitable and whether the doctrine of laches should be applied. This court also overruled the third assignment of error, which asserted "the trial court erred to the prejudice of plaintiff-appellant by increasing his obligation to pay child support after the emancipation of the minor child." In overruling the assignment of error, this court stated:
 We do not find the fact that the trial court journalized a prior agreement after the child of the parties has been emancipated to be prejudicial error automatically. The trial court, upon carefully reviewing the pertinent facts and hearing the arguments of counsel, might wish to journalize a judgment entry, which results in an arrearage for Mr. Rose. We do not believe that this is legally barred, since Mr. Rose clearly agreed to an increase in child support in 1987. Rose I at 2024.
On June 24, 1996, the trial court conducted a hearing and heard testimony from Mr. and Ms. Rose regarding the facts surrounding the May 1987 in-court agreement and whether the parties abandoned the agreement. The trial court reserved ruling on the issue until the parties produced their tax returns for the years 1987 to 1995. Appellee produced her returns, but appellant refused to produce his returns, offering to stipulate that his child support obligation would not have fallen below the $85 per week obligation. Appellee rejected the offer and filed a motion to hold appellant in contempt.
The trial court conducted a hearing on the motion on August 6, 1996. Appellant was found to be in contempt, and he was ordered to produce his tax returns and pay appellee $350 in expense money. Appellant never produced the returns and never paid the $350.
Appellee filed a second motion for contempt, and in its October 18, 1996 judgment entry, the trial court upheld the parties' 1987 in-court agreement as a valid order of the court, awarded an arrearage of $4,180 based on that agreement, and again ordered appellant to pay the $350 expense money. The trial court ordered appellee to submit an affidavit of her attorney fees expended. Appellant appealed the October 18, 1996 judgment as well as the August 6, 1996 judgment finding him in contempt.
In Rose II, this court affirmed the August 6, 1996 judgment finding appellant in contempt but dismissed the appeal of the October 18, 1996 entry for lack of a final appealable order, as the trial court had not ruled on appellee's motion for attorney fees.
On April 27, 1998, the trial court conducted a hearing on the issue of attorney fees, and in its decision and entry of June 16, 1998 awarded appellee $2,919.83 in attorney fees.
Appellant has appealed both the October 18, 1996 entry and the June 16, 1998 entry assigning as error the following:
 1. The trial court erred to the prejudice of plaintiff-appellant when it ordered the in-court agreement dated May 26, 1987, should be accepted by the court and made an order of the court retroactive to May 26, 1987, thereby retroactively increasing plaintiff-appellant's support obligation.
 2. The trial court erred to the prejudice of plaintiff-appellant in awarding the defendant, Sandra L. Rose judgment in the amount of four thousand one hundred eighty dollars ($4,180.00).
 3. The trial court erred to the prejudice of plaintiff-appellant when it ordered plaintiff-appellant to pay the defendant, Sandra L. Rose the sum of three hundred and fifty dollars ($350.00) which order had previously been journalized by the court on August 6, 1996.
 4. The trial court erred to the prejudice of plaintiff-appellant when it ordered counsel for defendant-appellee, Sandra L. Rose, to submit an affidavit for fees forthwith, upon which the court may consider defendant's motion for attorney fees.
 5. The trial court erred to the prejudice of plaintiff-appellant when it awarded defendant-appellee $2,919.83 in attorney fees by its decision and entry of June 16, 1998.
In his first two assignments of error, appellant argues the trial court erred in accepting the May 26, 1987 in-court agreement as the evidence conclusively showed that the parties abandoned the agreement. Specifically, appellant contends that it is unreasonable and inequitable to give current effect to the 1987 agreement when neither party made any attempt to enforce the agreement for eight and one-half years. Appellant contends that only after the Bureau of Support made an administrative determination that the child was emancipated and that appellant was current in his child support did appellee seek to obtain journalization of the 1987 agreement.
Appellee responds that this court should not second-guess the factual determinations of the trial court. Rather, she argues, the proper focus of the case is whether the trial court abused its discretion in holding that the in-court agreement should be made an order of the court. Appellee argues the trial court specifically considered and rejected appellant's abandonment theory, choosing instead to credit appellee's testimony that she did attempt to get her attorney to collect the increased child support. We agree.
First, the issue of whether the trial court could adopt the in-court agreement of the parties and counsel dated May 26, 1987, has already been determined, and any further reconsideration is barred by the "law of the case" doctrine. As the Supreme Court of Ohio explained in Nolan v. Nolan (1984),11 Ohio St.3d 1, 3, "* * * the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *" (Citations omitted.) Here, the trial court correctly followed this court's Rose I mandate and conducted an evidentiary hearing to review the contents of the agreement to determine whether the doctrine of laches should be applied, and to determine whether the in-court agreement was fair and equitable.
Appellant's argument concerning the abandonment of the in-court agreement is essentially a manifest weight argument. Appellant urges this court to reverse on the basis that his version of why the 1987 agreement was never approved is much more credible than that of his ex-spouse. At the hearing, appellant testified that on the advice of his attorney, he waited to begin paying the increase until the agreement was made an order of the court, and that he and his attorney were waiting for an entry from appellee's attorney. Appellant also testified that he never began paying the additional support because of "constant turmoil from the support issue whenever [his child] came down for visitation." (Tr. 6-24-96 at 25.) Appellant testified that he believed the agreement had been abandoned by the parties and that to his knowledge appellee had not made any attempt to collect the additional $10 per month.
Appellee testified that she and her ex-husband never agreed to set the agreement aside, but that appellant told her that he would not pay the increased support. Appellee also testified that she wrote several letters to her then attorney, sat in his office, and contacted several attorneys who all advised her that her original attorney just needed to do the paperwork.
Based on the evidence before the trial court and the decision of this court in Rose I, we find the trial court was within its discretion to make the 1987 in-court agreement an order of the court. Consequently, appellant's first and second assignments of error are not well-taken.
In his third assignment of error, appellant contends the trial court erred in making an additional award of $350 in its judgment entry of October 18, 1996 when it had already done so in its entry of August 6, 1996. This assignment of error is without merit and is not well-taken as the trial court was merely restating the terms of the August 6, 1996 entry finding appellant in contempt.
In his fourth assignment of error, appellant argues that in allowing appellee to submit an affidavit for attorney fees, the trial court erred in not providing him an opportunity to respond. This assignment of error is not well-taken in that the trial court held a hearing on the issue of attorney fees. Furthermore, appellant has waived this issue, as he never filed a memorandum contra to appellant's motion for attorney fees.
In his fifth assignment of error, appellant argues the trial court abused its discretion in awarding appellee $2,919.83 in attorney fees. Appellant first argues the trial court lacked jurisdiction to award attorney fees as the child had been emancipated at the time appellee filed her motion for attorney fees.
In Blum v. Blum (1967), 9 Ohio St.2d 92, syllabus, the Ohio Supreme Court held that a trial court has the authority after entry of a divorce decree to enter an order requiring a spouse to pay reasonable expense money to a former spouse to enable the former spouse to pay attorney fees incurred in post-decree proceedings relative to the support of the minor children of the marriage. In this case, the trial court was also acting within the ambit of R.C. 3105.18(H), which provides in pertinent part:
 In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree * * *.
Appellant next argues that counsel for appellee submitted an all-inclusive bill that included fees for services not related to the proceedings before the trial court. Appellant contends that the trial court was not able to separate the appropriate expenses, for example, awarding fees for a settlement conference at the court of appeals.
In its entry, the trial court explained that it was not awarding fees for Rose I because appellant was the prevailing party in that proceeding. The trial court also declined to award fees for the contempt proceedings since that matter had been addressed in an earlier entry.
Based on our review of the record, we find that counsel for appellee submitted fees and expenses in excess of $6,000. The trial court was able to examine the fee statement and eliminate the fees and expenses that were not warranted. The fifth assignment of error is not well-taken.
Based on the foregoing, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.
[1] The parties were in violation of then Rule 12 of the Franklin County Court of Common Pleas Domestic Relations Division, which in 1987 provided as follows:
 Unless the Trial Judge otherwise directs, counsel for the party in whose favor an order, decree, or judgment is rendered, shall within five (5) days thereafter prepare the proper journal entry, and submit it to the counsel for the adverse party, who shall approve or reject the same within three (3) days after the receipt thereof. Name of the counsel and the Trial Judge shall be typed or printed upon the entry. When the entry is approved by counsel, it shall be so endorsed and presented to the Judge who made the decision for approval and if signed by him shall then be filed with the Clerk. If counsel are unable to agree upon the entry, counsel shall notify the other counsel of when he intends to submit the entry and it shall be submitted to the Trial Judge, who will direct which entry shall be made.
 If counsel fail to present an entry within thirty (30) days after the order, decree or judgment is rendered, the Trial Judge may cause the proper entry to be prepared and filed without submission or notice to counsel or take other such action as may be appropriate under the circumstances.