This is an appeal from the Hamilton County Court of Common Pleas, Division of Domestic Relations. Plaintiff-appellant, Patricia A. Andwan, challenges the decree of divorce that terminated her thirty-year marriage to defendant-appellee, Lawrence A. Andwan. Specifically, Ms. Andwan takes issue with certain aspects of the decree concerning the division of marital property and the court's failure to award her attorney fees. She advances three assignment of error in support of this timely appeal. Finding none of the assignments to be well taken, we affirm the judgment of the court below.
In her first assignment of error, Ms. Andwan argues that the lower court erred when it determined that a parcel of real estate in Indiana was Mr. Andwan's separate property. We are unpersuaded.
Generally, the lower court has broad discretion in arriving at an equitable property division.[1] A reviewing court may not reverse the trial court's property division unless it constitutes an abuse of discretion.[2] A trial court is required in a divorce proceeding to distinguish between "marital property" of the parties and the "separate property" of each party.[3] Separate property specifically includes an inheritance by one spouse during the marriage.[4] The "commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable."[5]
Because Mr. Andwan presented substantial, competent evidence that he inherited the property from his mother's estate, and because such matters as the weight to be given the evidence and the credibility of the witnesses were within the province of the magistrate,[6] we find no abuse of discretion in the court's awarding of the Indiana real estate to Mr. Andwan as his separate property. Although the evidence indicated that Ms. Andwan had been listed as a joint owner of the property at some point in the past, there was also evidence that she was designated as an owner for purposes of estate planning only and that there was no donative intent on the part of Mr. Andwan.[7] Under these circumstances, we find no error in the trial court's decision, and the first assignment of error is overruled.
In her second assignment of error, Ms. Andwan contends that the lower court erred by establishing August 15, 1996, as the date the marriage terminated and therefore as the date for valuing the marital property. The assignment is not well taken.
The evidence presented to the magistrate demonstrated that the parties physically separated on that date, when Ms. Andwan moved from the marital residence to rental property that was acquired during the marriage. The evidence further indicated that most of the financial ties between the parties were severed at that time. Accordingly, there was ample evidence in the record to support the trial court's determination as to the date the marriage ended.
However, Ms. Andwan maintains that the lower court erred by using this date as the termination date of the marriage, because Mr. Andwan continued to deplete marital bank accounts until October 1, 1996. Ms. Andwan contends that because she was awarded the proceeds of those accounts, the use of the earlier evaluation date inured to her prejudice. We are not persuaded. The record demonstrates that the trial court addressed this matter on Ms. Andwan's objections to the magistrate's decision. The court found the issue to have been resolved because the parties had placed of record an agreed entry on March 29, 1998, requiring Mr. Andwan to reimburse Ms. Andwan in the amount of $2,346 for marital funds that he had expended after August 1996. We agree with the trial court that the March 29 entry properly rectified any inequity.
Ms. Andwan also argues that the date chosen for the termination of the marriage was erroneous because the mortgage on the marital residence continued to be serviced from a marital account following the termination date. We find no prejudice arising from this circumstance. The continued withdrawal of funds by the lending institution to service the debt was necessary to preserve a marital asset, and Ms. Andwan has failed to demonstrate that the depletion of the account following the termination date rendered the property division as a whole inequitable. Accordingly, we find no error in the August 1996 termination date as it concerned the marital accounts.
Ms. Andwan next argues that she was prejudiced by the August date as it related to the valuation of the marital real estate. The record demonstrates that the magistrate valued the residence awarded to Mr. Andwan at $115,000 based upon a July 1996 appraisal that he had procured.[8] By contrast, the residence awarded to Ms. Andwan could not be valued as of the termination date of the marriage due to its unique character and the unavailability of an accurate appraisal method.[9] The value of Ms. Andwan's residence could therefore not be determined until October 1998. Ms. Andwan argues that the difference in the valuation dates improperly taxed her with approximately two years' worth of appreciation for which Mr. Andwan was not held accountable in the property division.
We are not persuaded by this argument. Given the difficulty in appraising the unit awarded to Ms. Andwan, the court was justified in deferring its determination of the residence's value. While we are mindful of Ms. Andwan's argument that the court could have amended the value placed upon the residence awarded to Mr. Andwan to account for appreciation, Ms. Andwan has again not demonstrated that the court's failure to do so rendered the property division inequitable in its entirety. In any event, we cannot say that the court's decision was arbitrary, unreasonable or unconscionable, and we therefore overrule the second assignment of error.
In her third and final assignment of error, Ms. Andwan complains that the lower court erred by not awarding her attorney fees in the amount of $3,100.[10] She asserts that the difference between her income and that of Mr. Andwan mandated that she be awarded her attorney fees. Although the evidence does tend to indicate that the parties' income levels were disparate, that circumstance alone did not require an award of attorney fees and costs.[11] Because the matter was committed to the sound discretion of the lower court and because we find no abuse of that discretion in the case at bar, we overrule this assignment of error.[12] Accordingly, the judgment of the domestic relations court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Hildebrandt, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on July 2, 1999
per order of the Court _______________________________. Presiding Judge
[1] Erb v. Erb (1996), 75 Ohio St.3d 18, 661 N.E.2d 175.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[3] R.C. 3105.171.
[4] R.C. 3105.171(A)(6)(a)(i).
[5] R.C. 3105.171(A)(6)(b); see, also, Cyrus v. Cyrus (Nov. 29, 1995), Lorain App. No. 95CA006040, unreported.
[6] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[7] See, generally, Kuehn v. Kuehn (1988), 55 Ohio App.3d 245,564 N.E.2d 97.
[8] Ms. Andwan also takes issue with the $115,000 value placed upon the residence awarded to Mr. Andwan and cites evidence in the record that the actual value was closer to $130,000. Again, such matters were to be weighed by the trier of fact, and we cannot say that the value selected by the trial court was contrary to the evidence.
[9] The residence awarded to Ms. Andwan was one of four units in a complex owned by the couple. The magistrate ordered that the other three units be sold and that the value of the residence awarded to Ms. Andwan be set as the average sale price of the three units.
[10] Ms. Andwan also argues that Mr. Andwan should have to bear all of the court costs that were accumulated during the proceedings below, but she has not specifically assigned that matter as error.
[11] Pursuant to R.C. 3105.18(H), an award of attorney fees is appropriate only upon the court's determination that the person from whom fees is sought has the ability to pay the fees and that "either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if [the court] does not award reasonable attorney's fees" See Gill v.Gill (Oct. 10, 1997), Hamilton App. No. C-960610, unreported.
[12] See, generally, Blum v. Blum (1967), 9 Ohio St.2d 92,223 N.E.2d 819, syllabus.