DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Domestic Relations Division, in post-divorce proceedings for modification of child support. Because we conclude that the trial court did not abuse its discretion in imputing income to appellant, we affirm.
In September 1997, appellant, Prakash Thombre, and appellee, Melanie Thombre, were granted a divorce. Based upon evidence presented during the divorce proceedings, appellant's income was imputed to be $87,000 per year. In September 1999, pursuant to a motion filed by appellant, a magistrate conducted a "mistake of fact" hearing regarding issues which were determined at a modification hearing conducted by the Lucas County Child Support Enforcement Agency ("LCCSEA"). The magistrate issued a report and on December 17, 1999, the trial court adopted the magistrate's decision which modified the LCCSEA decision.
In that judgment entry, the trial court concluded that appellant is "voluntarily underemployed and is not truthful concerning his income." The court noted that, during the same time period that appellant asserts he only earned $25,000, he spent over $34,000 on other family members. The court then imputed potential adjusted income to appellant in the amount of $85,043 and found appellee's adjusted income to be $84,738. Based upon those figures, the court then ordered appellant to pay $419.50 per month for each of his three minor children.
Appellant now appeals that judgment claiming that the trial court abused its discretion by imputing his income at $85,043.
The obligation of a biological parent to provide for the care and support of his or her minor child is not a permissive obligation; it is mandated by law. R.C. 3103(A), 3109.05; Blum v.Blum (1967), 9 Ohio St.2d 92, 94. Where a parent is voluntarily underemployed, the trial court may impute income based upon what the parent would have earned if fully employed as related to the parent's employment and earnings history, the parent's education and occupational qualifications, and the job opportunities in the community. R.C. 3113.215(5)(a). See also Rock v. Cabral (1993),67 Ohio St.3d 108, 111.
Determining whether a parent is voluntarily underemployed is a question of fact for the trial court and will not be reversed absent an abuse of discretion. Rock v. Cabral, supra. A "parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." Id.
In this case, at the time of the divorce in 1997, the trial court had imputed income to appellant of $87,000 per year. Appellant argues that his company lost certain government contracts, resulting in lower income which warranted a change in his child support obligation. However, appellant failed to provide any tax records or evidence regarding his corporation.
Appellant also contends that his W-2 form (which reports that he only made $25,000 each year during 1996 and 1997) supports his claim. However, the trial court specifically found appellant's evidence and testimony regarding his income not credible at both the original divorce hearing and at the subsequent mistake of fact hearing. The record also reveals that during 1997, appellant had monetary assets that provided him with $18,000 in interest and that he had spent well-over $34,000 during the previous year in support of other relatives.
Consequently, the court found that appellant was voluntarily underemployed or was not truthful in reporting his income to the court.
Based upon a complete review the record, we decline to disturb the trial court's findings since we cannot say that the trial court abused its discretion in its calculations to impute income to appellant. Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.