OPINION
{¶ 1} Appellant Robert Tate, Sr. appeals a post-decree decision of the Richland County Court of Common Pleas, Domestic Relations Division. Appellee Michelle Tate nka Evans is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married in 1990. Three children were born as issue of the marriage. The parties were granted a divorce in Richland County on September 22, 1999. Appellee was therein designated as the residential parent of the three children. Appellant was granted modified Local Rule 24 companionship rights.
 {¶ 3} In June 2000, appellee filed a motion to limit appellant's parenting time. In addition, appellee filed a motion to modify child support on July 26, 2000. Appellant thereafter filed a contempt motion, a request for attorney fees, and a motion seeking designation as the residential parent. Appellee thereupon filed her own motion for attorney fees. The issues of child support modification and attorney fees were set for an evidentiary hearing before a magistrate on December 19, 2001.
 {¶ 4} On January 15, 2002, the magistrate filed a written decision. The magistrate therein set child support at $347 per month per child, and ordered appellant to pay $7,050 as partial reimbursement for appellee's attorney fees.
 {¶ 5} Appellant filed an objection to the magistrate's decision on January 29, 2002. On July 31, 2002, the trial court issued a judgment entry remanding the matter to the magistrate for further findings of fact and conclusions of law, especially as to the issue of the computation of appellant's gross income for child support purposes. On September 12, 2002, the magistrate issued an amended decision pursuant to the court's directive, consisting of twenty-eight pages. Nonetheless, appellant filed a "Notice Requesting Finding of Facts and Conclusions of Law" on September 24, 2002. The trial court issued a final decision on December 5, 2002, overruling appellant's objections and adopting the magistrate's amended decision of September 12, 2002.
 {¶ 6} On December 24, 2002, appellant filed a notice of appeal, and herein raises the following seven Assignments of Error:
 {¶ 7} "I. The court erred in finding the plaintiff/appellant failed to request a separate finding of facts and conclusion of law when plaintiff/appellant timely filed a request for a finding of facts and conclusion of law.
 {¶ 8} "II. The court erred in awarding the defendant/appellee partial attorney fees of $7050 when defendant/appellee earns over $45,000 per year and she and her present husband's income total $82,000 per year. the evidence established defendant/appellee has the ability to pay these fees.
 {¶ 9} "III. The court erred in awarding defendant/appellee attorney fees where defendant/appellee failed to request attorney fees.
 {¶ 10} "IV. The court erred in awarding partial attorney fees of $7050 for the defendant/appellee from the plaintiff/appellant where the evidence showed the defendant/appellee had adequate funds to pay her attorney when she filed her motion for attorney fees and then thereafter voluntarily increased her expenses so as to have no cash surplus to pay them.
 {¶ 11} "V. The court should follow the guideline in determining child support and deduct all ordinary and necessary expenses from a self-employed person's gross receipts to arrive at the child support calculation.
 {¶ 12} "VI. The court decision is against the manifest weight of the evidence.
 {¶ 13} "VII. The court erred when the court failed to admit proffered exhibits in that the proffered exhibits were admissible to assist the magistrate in determining guideline child support."
 I {¶ 14} In his First Assignment of Error, appellant contends the trial court erred in finding that appellant failed to request findings of fact and conclusions of law. We disagree.
 {¶ 15} Appellant indeed filed with the trial court a "Notice Requesting Finding of Facts and Conclusions of Law" on September 24, 2002. However, the court had, at that point in time, already remanded the matter to the magistrate for further findings of fact and conclusions of law, and on September 12, 2002, the magistrate had issued an amended decision pursuant to the court's directive. Thus, while the judgment entry under appeal technically misstates a procedural fact (see Judgment Entry, December 5, 2002, para. 3), we are unable to find prejudicial error warranting reversal in regard to this issue. "It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." Ames v. All American Truck Trailer Service (Feb. 8, 1991), Lucas App. No. L-89-295, quotingSmith v. Flesher (1967), 12 Ohio St.2d 107, 110. See, also, App.R. 12(D).
 {¶ 16} Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 17} In his Second Assignment of Error, appellant contends the trial court erred in awarding attorney fees to appellee. We disagree.
 {¶ 18} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359. R.C.3105.18(H) reads as follows: "(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 19} Appellant submits two calculations in his brief based on appellee's financial affidavit and testimony from the record. His first calculation arrives at a figure of $521 as appellee's individual "net monthly income after expenses." Appellant's Brief at 4. His second calculation arrives at the amount of $3099.27 per month as appellee's household net monthly income after expenses, incorporating appellee's current husband's income and assuming the current husband helps with household expenses. Appellant's Brief at 5. On the other hand, the trial court heard the following testimony, in pertinent part, from appellee in making its R.C. 3105.18(H) determination:
 {¶ 20} "Q. Okay, without my requesting an order for the court to award you attorney fees, and without borrowing the amount of money that you were able to borrow from your parents, would you have been able to successfully had representation to defend this case and to prosecute your case?
 {¶ 21} "A. No.
 {¶ 22} "Q. You notice at the bottom of the next to last page, my hours at $150.00 an hour come to $10,702.50 including five hours of trial time anticipated for today?
 {¶ 23} "A. Yes.
 {¶ 24} "Q. Are you asking the Court to make a reasonable award for your former husband to pay a portion or all of that fee that I have charged you?
 {¶ 25} "A. Yes, I am.
 {¶ 26} "Q. I note that you have very little in savings at this time.
 {¶ 27} "A. That is true.
 {¶ 28} "Q. Without such an award, would you be able to pay my fees other than going into additional debt?"
 {¶ 29} "A. No, I would not." Tr., Dec. 19, 2001, at 86.
 {¶ 30} Furthermore, the magistrate's decision referenced appellee's insistence that she had to borrow $4000 from her parents to cover her initial attorney fees (Finding of Fact 37). In addition, the magistrate found: "Plaintiff, for reasons delineated elsewhere in this Amended Decision, has far greater financial resources available with which to pay attorney fees and costs in this matter. Plaintiff has caused delays in these proceedings on several occasions, has filed and subsequently withdrawn a Motion, and has attempted to mislead this Court as to the true state of his financial affairs." Magistrate's Amended Decision at 21.
 {¶ 31} It is well-established that an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Both the magistrate's extensive amended decision and the trial court's ruling on the objections in the case sub judice are indicative that the court had thoroughly reviewed the provided evidence concerning the parties' financial conditions. Upon review, we are unpersuaded the trial court abused its discretion in awarding appellee $7050 in attorney fees under the facts and circumstances of this case.
 {¶ 32} Accordingly, appellant's Second Assignment of Error is overruled.
 III {¶ 33} In his Third Assignment of Error, appellant contends the trial court erred in awarding attorney fees to appellee, where appellee requested attorney fees only in relation to appellant's motion for custody. We disagree.
 {¶ 34} Appellant cites no case law in support of his position. To the contrary, "[w]hen evidence exists to show that the court considered all of the relevant factors under R.C. 3105.18(H), an award of fees is not an abuse of discretion." Gill v. Gill (Oct. 10, 1997), Hamilton App. No. C-960610. In Blum v. Blum (1967), 9 Ohio St.2d 92, syllabus, the Ohio Supreme Court held that "[a] trial court has authority, after the entry of a divorce decree, to enter an order requiring the divorced husband to pay reasonable expense money to his former wife to enable her to pay attorney fees incurred in post-decree proceedings relative to the support of the minor children of the marriage."[1] Reading Blum in conjunction with present R.C. 3105.18(H), which is silent as to any specific requirements for a motion for attorney fees, we find appellant's proposed restriction of the court's discretion on this issue to be without merit.
 {¶ 35} Appellant's Third Assignment of Error is overruled.
 IV {¶ 36} In his Fourth Assignment of Error, appellant contends the trial court erred in awarding attorney fees to appellee, where appellee's monthly expenses were increased when she refinanced her mortgage after commencement of the post-decree proceedings. We disagree.
 {¶ 37} Appellate review of attorney fee awards in domestic relations actions is limited to determining whether (1) the factual considerations upon which the award was based are supported by the manifest weight of the evidence, or (2) the domestic relations court abused its discretion. Oatey v. Oatey (1992), 83 Ohio App.3d 251, 263, citing Linehan v. Linehan (1986), 34 Ohio App.3d 124. We interpret appellant's assigned error as falling under the first alternative designated in Oatey. However, this Court has often reiterated that we neither weigh the evidence nor judge the credibility of the witnesses in analyzing manifest weight arguments in civil cases. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries
(February 10, 1982), Stark App. No. CA-5758.
 {¶ 38} In the case sub judice, appellee testified as follows regarding her refinancing decision:
 {¶ 39} "Q. Okay, in addition to your changes in your employment, have your mortgage payments changed any from what they were on the original?
 {¶ 40} "A. Yes, they have.
 {¶ 41} "Q. And how did they change?
 {¶ 42} "A. We went from I do believe paying — we refinanced the house —
 {¶ 43} "Q. What was the reason for the refinance?
 {¶ 44} "A. There was a drop in the interest rate.
 {¶ 45} "Q. Okay.
 {¶ 46} "A. And we went from paying I do believe 570 a month plus we had a home equity loan.
 {¶ 47} "Q. So you combined the two?
 {¶ 48} "A. We combined the two, and now we pay bi-weekly payments of I do believe 289 every two weeks.
 {¶ 49} "Q. So every two weeks?
 {¶ 50} "A. Uh-huh.
 {¶ 51} "Q. And do you know, is that a 25 year loan?
 {¶ 52} "A. I do believe it is." Tr., Dec. 19, 2001, at 80-81.
 {¶ 53} Upon review, we find the record provides relevant, competent and credible evidence supporting the assessment of appellee's financial condition for the purposes of awarding of attorney fees.
 {¶ 54} Appellant's Fourth Assignment of Error is therefore overruled.
 V, VI {¶ 55} In his Fifth and Sixth Assignments of Error, appellant contends the trial court erred in its calculation of child support. We disagree.
 {¶ 56} In Booth v. Booth (1989), 44 Ohio St.3d 142, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore, supra. The present version of the support guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support "shall use a worksheet." See Cutlip v. Cutlip, Richland App. No. 02CA32, 2002-Ohio-5872.
 {¶ 57} We initially note, pursuant to App. R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." Appellant, after first proposing that his tax return information substantiates a pattern of decreasing income each year from 1995 to 2000, thereafter essentially argues that the magistrate failed to permit "ordinary and necessary business expenses" to be deducted from his gross income pursuant to R.C. 3119.01(C)(9)(a) and (b). However, although the magistrate did rule on the issue of deductions, this was not actually the basis of his calculation of appellant's income. Hence, appellant's arguments are not on point. Instead, the trial court found appellant's wide-ranging statements of income (a loss of $31,119 at the low end, per his financial affidavit, to an income of $165,431 at the high end, from his 2000 "Income and Expenses Statement") so unreliable[2] that appellant's income had to be recalculated as follows: The magistrate used $14 per hour based on the rate appellant paid his own employee-drivers, for a total of $29,120 per year. The magistrate added back to this number a figure of $38,571 in truck depreciation from appellant's 2000 Schedule C, on the basis that appellant had not provided to the court "the books of [his] business entity" as per R.C. 3119.01(C)(9)(a). Finally, the magistrate added $659 in interest and dividend income, for a total annualized income of $68,350.
 {¶ 58} The trial court's dissatisfaction with appellant's income reporting methodology is evident from its lengthy analysis of the issue. However, as an appellate court, we are not the trier of facts. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truckv. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 59} Therefore, upon review of the record, we are unpersuaded that the court's decision as to appellant's income for child support purposes was an abuse of discretion or against the manifest weight of the evidence.
 {¶ 60} Appellant's Fifth and Sixth Assignments of Error are overruled.
 VII. {¶ 61} In his Seventh Assignment of Error, appellant contends the trial court erred in rejecting the post-hearing proffer of his 2001 tax return, which was not completed until after the magistrate's evidentiary hearing. We disagree.
 {¶ 62} Civ.R. 53(E)(4)(b) reads as follows: "The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 63} In the case sub judice, the judge's recommitment order of July 31, 2002, which remanded the matter to the magistrate for further findings of fact and conclusions of law, did not direct the magistrate to take additional testimony. As such, it would have been inconsistent to have permitted tax return information outside of the scope of the magistrate's original evidentiary hearing. Moreover, the admission or exclusion of evidence rests in the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 180. We are unpersuaded the trial court abused its discretion in this regard.
 {¶ 64} Appellant's Seventh Assignment of Error is therefore overruled.
 {¶ 65} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.
[1] Blum analyzed various statutes which, at the time, did not utilize gender-neutral terminology.
[2] The magistrate also noted, for example, that appellant's portrayal of his situation as that of a struggling businessman with a constantly negative cash flow contradicted evidence that appellant had been able to invest over $260,000 in the stock market in 2000, the source of which appellant was unsure. The magistrate also expressed concern over the fact that appellant was able to pay three employee truck drivers at a rate of $14 per hour, despite appellant's personal reported 2001 annual income of just $9000. See Amended Magistrate's Decision at 13.