OPINION *Page 2 
{¶ 1} Appellant Gordon Proctor, Director, Ohio Department of Transportation appeals the jury verdict in the Licking County Court of Common Pleas determining compensation and damages to the residue in a partial appropriation action.
 {¶ 2} Appellees are Mildred Fry and the Estate of Howard Fry.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In the appropriation action sub judice, the subject property consists of approximately 32 acres of land owned by Defendants-Appellees Mildred Fry and the Estate of Howard Fry. (T. at 142, 475).
 {¶ 4} Due to heavy commuter traffic between the Columbus metropolitan area and the Granville-Newark area, the Ohio Department of Transportation ("ODOT") determined that the existing two-lane east-west S.R. 161 was in need of upgrade. (T. at 132-33). ODOT initiated a two-phase project to construct a four-lane limited access divided highway that would run parallel to existing S.R. 161 and connect the existing four-lane limited access divided highway outside of the Village of New Albany to the existing four-lane limited access divided highway outside of the Village of Granville. (T. at 127-128, 136-37). As part of the project, three interchanges would be constructed to facilitate traffic on and off new S.R. 161, including one at Beech Road.
 {¶ 5} The Fry property is located to the south and east of existing S.R. 161 and Beech Road in Jersey Township. (T. at 393). It is shaped as a letter "T" fallen back on its side with frontage on both S.R. 161 to the north and Beech Road to the east. Along S.R. 161 the property is improved with a residential house built in the 1880's, a fitness center, a barn for storage of wood and cabinet supplies, and another building housing a *Page 3 
carpenter shop. (T. at 426, 476, 486). The improvements are not serviced by water and sewer. (T. at 432, 489). Access to the improvements is by way of two driveways off S.R. 161. (T. at 124). The frontage along Beech Road is an unimproved wooded lot. (T. at 319). The property is zoned rural residential. (T. at 428, 489).
 {¶ 6} To the west of the Fry property, existing Dublin-Granville Road dead-ended into SR 161. (T. at 324-25). However, because all at-grade crossings were being removed, the project called for extending Dublin-Granville Road to Beech Road by bisecting several properties, including the Frys. (T. at 325). To construct this new section of Dublin-Granville Road, ODOT appropriated 6.845 acres through the Fry property leaving a left (north side) residue of 10.670 acres and a right (south side) residue of 11.832 acres. (T. at 124). ODOT also appropriated approximately 2.528 acres of the northern property line from the Fry property that fronted existing S.R. 161 to construct an eastbound exit off-ramp.
 {¶ 7} Appellee answered the appropriation petition filed pursuant to R.C. Chapter 163 and requested a jury trial. The trial commenced on April 17, 2007
 {¶ 8} At trial, Frys' experts testified to a highest and best as immediate commercial development land for the Village of New Albany, even though the property was not within the Village limits nor commercially zoned and did not have water and sewer service. (T. at 186, 283, 287, 291-92, 318, 321, 398, 428).
 {¶ 9} ODOT's presentation was that the highest and best use was as mixed use with the potential for future development. (T. at 490, 506). *Page 4 
 {¶ 10} Following the conclusion of the trial, the jury awarded $1,507,000 as fair market value for the property taken, $831,961 in damages to the residue and $1,000 for a temporary easement. The total of the jury verdict was $2,339,961 (T. at 700, 701).
 {¶ 11} This verdict was journalized on May 1, 2007.
 {¶ 12} It is from this judgment entry that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY DENYING MOTION TO STRIKE THE TESTIMONY OF LANDOWNER'S WATER AND SEWER EXPERT WITNESS WHICH WAS NOT FOUNDED ON RELIABLE SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED INFORMATION
 {¶ 14} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY REFUSING TO STRIKE THE TESTIMONY OF LANDOWNER'S VALUATION EXPERT WITNESS REGARDING DAMAGE TO THE RESIDUE WHERE THE EXPERT'S OPINION WAS BASED ON FACTORS NOT COMPENSABLE IN AN APPROPRIATION ACTION."
 I. {¶ 15} In the first assignment of error, Appellant argues that the trial court erred in denying the motion to strike the testimony of the landowner's water and sewer expert. We disagree. *Page 5 
 {¶ 16} Appellant argues that Appellee's expert failed to present any evidence to support his testimony and that his cost determination was based solely on his own experience, with no supporting data or methodology.
 {¶ 17} The admission or exclusion of evidence rests in the sound discretion of the trial court. Tate v. Tate, Richland App. No. 02-CA-86,2004-Ohio-22, ¶ 63, citing State v. Sage (1987), 31 Ohio St.3d 173, 180,510 N.E.2d 343. Nonetheless, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and in case the ruling is one admitting evidence, a timely objection appears in the record stating the specific ground of the objection, if the specific ground was not apparent from the context.Stark v. Stark, Delaware No. 01 CAF06020, 2002-Ohio-90, citing Evid. R. 103(A)(1).
 {¶ 18} Upon considering ODOT's motion to strike the testimony of David Parkinson, Appellee's water and sewer expert, the trial court stated:
 {¶ 19} "I've read through the deposition and I think that . . . Mr. Parkinson has laid out a sufficient foundation upon which to render an opinion as to the cost of extension of the sanitary sewer." (T. at 176).
 {¶ 20} The trial court also had before it Mr. Parkinson's experience as a licensed engineer for twenty-five years who specializes in water and sewer. (T. at 5-6).
 {¶ 21} Mr. Parkinson also testified as to his knowledge of this particular water and sewer system, having played a role in the study and design of the New Albany system. (T. at 8-9).
 {¶ 22} Additionally, Mr. Parkinson testified that estimating costs was part of his job as a professional engineer. (T. at 21-22). *Page 6 
 {¶ 23} Appellant relies on the case of Valentine v. Conrad,110 Ohio St.3d 42, 2006-Ohio-3561 to support its argument that experience alone cannot support an expert opinion.
 {¶ 24} Upon review, we find the Valentine case to be quite different than the case at bar in that the Valentine case dealt with medical experience and opinions. While we realize that the analysis inValentine is not limited solely to medical expertise and methodology, we find that calculating the number of lineal feet of water and sewer pipe necessary in the instant case is well within the expertise of professional engineer with twenty-five years of experience, who prepares cost estimates professionally and who is familiar with the subject water system.
 {¶ 25} Based on the foregoing, we do not find that the trial court erred in failing to strike the testimony of such expert.
 {¶ 26} Appellant's first assignment of error is therefore overruled.
 II. {¶ 27} In the second assignment of error, Appellant argues that the trial court erred in refusing to strike the testimony of the landowner's expert regarding damage to the residue. We disagree.
 {¶ 28} More specifically, Appellant argues that Appraiser Wilcox's opinion as to value was based, in part, on factors that are compensable under Ohio law. Appellant argues that Ms. Wilcox considered the grade of new Dublin-Granville Road, the grade of the new eastbound exit ramp, the loss of direct access to Beech Road and "internal circulation damages." *Page 7 
 {¶ 29} Decisions regarding the admissibility of evidence are within the broad discretion of the trial court. State v. Hymore (1967),9 Ohio St.2d 122, 128, 224 N.E.2d 126. A decision to admit or exclude evidence will be upheld absent an abuse of discretion. O'Brien v. Angley (1980),63 Ohio St.2d 159, 164-165, 407 N.E.2d 490. Even in the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected the substantial rights of the adverse party or is inconsistent with substantial justice. Id.
 {¶ 30} However, even if we assume for purpose of argument that the trial court abused its discretion in admitting Ms. Wilcox's testimony, reversal would not be warranted in this case. An improper evidentiary ruling constitutes reversible error only when the error affects the substantial rights of the adverse party or the ruling is inconsistent with substantial justice. O'Brien, 63 Ohio St.2d at 164-165, 17.O.O.3d 98, 407 N.E.2d 490. "`Generally, in order to find that substantial justice has been done to [a party] so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors, but also determine that if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision.'" Id., quotingHallworth v. Republic Steel Corp. (1950), 153 Ohio St. 349, 41 O.O. 341,91 N.E.2d 690, paragraph three of the syllabus.
 {¶ 31} In the case sub judice, the record indicates that Appellant never requested jury interrogatories. Appellant could have requested such interrogatories pursuant to Civ. R. 49(B). Without jury interrogatories, as a reviewing court we cannot determine what evidence the jury ultimately rejected or accepted in reaching its verdict. SeeKrauss v. Kilgore (July 27, 1998), Butler App. No. CA97-05-099, unreported. Thus, *Page 8 
without these interrogatories, we cannot find that the jury's verdict as to valuation of damage to the residue was based in any way on the testimony of Ms. Wilcox.
 {¶ 32} We further find that there was some competent, credible evidence upon which the jury could base its award.
 {¶ 33} It is well-settled that once there has been an appropriation or a taking of private property by a governmental entity, the landowner is entitled to a remedy consisting of two distinct elements-compensation and damages. Norwood v. Forest Converting Co. (1984),16 Ohio App.3d 411, 415; Wray v. Mussig (Sept. 20, 1996), Lake App. No. 95-L-172, unreported. "Compensation" is an amount representing the fair market value of the property actually taken or appropriated. Norwood, supra;Am. Louisiana Pipe Line Co. v. Kennerk (1957), 103 Ohio App. 133, 137. "Damages" is an amount representing the fair market value of any injury resulting to the landowner's residual property that remains after the take. Norwood and Am. Louisiana Pipe Line, supra. When making its award, the jury must state separate amounts for each element. See Am. LouisianaPipe Line, supra.
 {¶ 34} It is equally well established that in order to properly calculate the damages element, the jury must determine the difference between the property's fair market value prior to the take and such value of the residue after the take. Ry. Co. v. Gardner (1887),45 Ohio St. 309, 322; Atlantic Great W. RR. Co. v. Campbell (1855),4 Ohio St. 583, 585; Masheter v. Kebe (1973), 34 Ohio App.2d 32, 36. The Ohio Supreme Court has held that juries must determine the extent of a landowner's injury in light of the facts established by the evidence, which may include the opinions of *Page 9 
witnesses "so far as opinions may be received upon questions of value."Ry. Co., supra, at 322-323.
 {¶ 35} This issue of the value of damages was previously addressed by the Supreme Court of Ohio in Preston v. Rappold (1961),172 Ohio St. 524. In that appropriation case, five witnesses testified about the amount of the landowner's damages. The range of values varied from $8,299.50 to $11,727.00 as compensation for the land taken. The range of values varied from $9,232.00 to $19,711.00 for damages to the residue. Therefore, the range of values for the landowner's total damages varied from $17,531.50 to $31,438.00.
 {¶ 36} The verdict returned by the jury awarded the landowner $15,906.80 as compensation for the land taken and $9,127.80 as damages to the residue, for a total award of $25,034.60. Therefore, the jury's compensation award was $4,179.80 in excess of the highest value in evidence, but the jury's damage award was $104.20 less than the minimum amount testified to. The Supreme Court nevertheless affirmed the judgment of the jury because the "[t]otal compensation and damages awarded were well within the range of testimony on those subjects." Id. at 526. The Court reasoned that "[t]he law of Ohio, as found in the Constitution and the procedural statutes, provides that the jury shall assess the compensation and the damages and is entitled to make that determination from all the evidence in the case." Id. at 528.
 {¶ 37} Similarly, the testimony in this case concerning compensation for the value of the land and buildings taken ranged in value from $506,850 to $1,643,500. On damages to the residue, the range of values varied from $155,850 to $2,250,686. The value of the temporary easement ranged from $650 to $1,353. *Page 10 
 {¶ 38} We therefore find that the range of values for Appellees' total damages varied from $663,350 to $3,895,539.
 {¶ 39} The jury in this case returned a verdict awarding Appellees $1,507,000 as compensation for the land taken and $831,961 as damages to the residue, for a total award of $2,339,961.
 {¶ 40} The jury's award for compensation, which is not at issue in this appeal, is within the range of testimony as is the award for damages to the residue.
 {¶ 41} Following the reasoning adopted in the earlier appropriation cases of Preston, supra, and deferring to the jury's assessment of compensation and damages based upon all the evidence presented at trial, we hold that the jury's verdict was not against the manifest weight of the evidence because the record contains some competent, credible evidence to substantiate the amount awarded.
 {¶ 42} Accordingly, Appellant's second assignment of error is overruled.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Wise, J., Gwin, J., concurs.
 Hoffman, P. J., concurs separately. *Page 11