[Cite as *Cheng v. Haney*, 2019-Ohio-2144.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LI CHENG, et al. | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiffs-Appellees | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18 CAE 06 0041 |
| TIMOTHY HANEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  14 CVH 10 0735


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 30, 2019


APPEARANCES:

For Plaintiffs-Appellees

MICAHEL J. ANTHONY
VINCENT ZUCCARO
ANTHONY LAW LLC
383 North Front Street
LL
Columbus, Ohio  43215

For Defendant-Appellant

DAVID G. BALE
BALE AND ASSOCIATES
592 Office Parkway, Suite B
Westerville, Ohio  43082

WILLIAM F. MCGINNIS
30 Dawkins Drive
East Earl, Pennsylvania  17519

*Wise, J.*

{¶1}   Defendant-Appellant Timothy Haney appeals the decision of the Court of Common Pleas, Delaware County, which, following a jury trial, entered judgment in favor of  Appellees Li Cheng and Smart Art America, LLC ("SAA"), in a lawsuit stemming from a dispute over a business agreement. The relevant facts leading to this appeal are as follows.

{¶2}   In January 2010, Appellant Haney and Appellee Cheng entered into an agreement for certain consumer and household goods, designed and promoted by appellant, to be manufactured in appellee's facilities in Xiamen, China, with intended sales to American big-box retailers. Appellant was living in Kentucky at the time they began discussing the agreement, but he later relocated to Delaware County, Ohio, in order to be closer to the Columbus metropolitan area. The parties correspondingly formed Smart Art America, LLC ("SAA") as an Ohio limited liability corporation to facilitate the business and give it an American contracting entity. However, Appellant Haney and Appellee Cheng have each claimed to be the sole owner of SAA. Appellant Haney utilized his credentials to obtain an EIN for the business and set up the LLC, while Appellee Cheng provided most of the up-front capital.

{¶3}   The parties' business dealings went downhill, and on October 2, 2014, Appellees Cheng and SAA filed a thirteen-count civil complaint against appellant in the Delaware County Court of Common Pleas, alleging *inter alia* claims of fraud, unjust enrichment, theft, and conversion. Appellee Cheng therein alleged he was the sole owner of SAA and appellant's employer. In essence, appellees alleged that appellant had been

entrusted to run SAA, but that he ultimately illegally converted large sums of company cash and assets.

{¶4}    In addition, on October 24, 2014, appellee filed an action of forcible entry and detainer against appellant in the Delaware Municipal Court. This portion of the dispute was thereafter transferred to the Delaware County Court of Common Pleas, although said action does not play a significant role in the present appeal.

{¶5}    On October 30, 2014, appellant filed an answer in the civil action, denying all claims.

{¶6}    On January 2, 2015, appellant filed a motion for his first amended answer and counterclaim.

{¶7}    Appellee filed a memorandum contra to appellant's motion to amend his answer on January 16, 2015.

{¶8}    In addition, SAA filed a motion for leave to file an "intervention crossclaim" against Appellee Cheng on January 2, 2015. This time, SAA was acting by and through Appellant Haney as its purported sole owner and chief officer.

{¶9}    On May 27, 2015, upon motion, appellees' counsel were permitted by the trial court to withdraw from further representation of appellee.

{¶10}    The trial court granted SAA's motion to intervene against Appellee Cheng on June 8, 2015. The court's order granting the motion to intervene was served on appellee by the Delaware County Common Pleas Clerk of Court by regular mail.

{¶11}    On May 19, 2015, the trial court ordered a hearing on appellee's eviction claims, to be heard on June 1, 2015. Appellee was served notice at the address provided for him *pro se.* However, appellee failed to appear for the June 1, 2015, hearing and his

forcible entry and detainer claims were dismissed by the trial court with prejudice on June 8, 2015. In addition, following withdrawal of appellee's counsel, appellee failed to respond to any of the pleadings or engage in prosecuting his action.

{¶12} On July 13, 2015, appellant and SAA moved for default judgment against Appellee Cheng. On July 28, 2015, the motion for default judgment was granted by the trial court. A hearing on the issue of damages was scheduled for September 21, 2015.

{¶13} But on September 21, 2015, the first day of the damages hearing, the attorneys who had originally represented appellee filed a notice of appearance in the trial court. The damages hearing stretched into three more days past the initial hearing date, *i.e.*, October 14, 2015, December 21, 2015, and April 4, 2016. Throughout the damages hearing, Appellee Cheng asserted that he was the rightful owner of SAA, and that Appellant Haney and his attorneys had no authority to claim any interest in SAA or to speak on that company's behalf.

{¶14} On February 12, 2016, Appellee Cheng moved the trial court to reconsider its prior rulings in (1) granting appellant's motion to intervene in SAA's behalf and (2) entering default judgment against Appellee Cheng. On February 17, 2016, appellant filed a memorandum in opposition.

{¶15} On May 16, 2016, the trial court granted appellee's motion for reconsideration, ruling in pertinent part that "Cheng has presented sound arguments supporting his request that I undo the default judgments against him last summer." Judgment Entry at 3.

{¶16} Appellant then filed a notice of appeal to this Court, assigning as error that the trial court had erred in its *sua sponte* dismissal of SAA's crossclaim, and in finding appellant had no interest in SAA.

{¶17} We found the judgment appealed from was not a final, appealable order and that we lacked jurisdiction to address the assignments of error. The appeal was therefore dismissed. *See Cheng v. Haney*, 5th Dist. Delaware No. 16 CAE 06 0025, 2017-Ohio-199, ¶ 30.

{¶18} The original 2014 complaint filed by Appellees Cheng and SAA finally proceeded to a jury trial commencing on September 26, 2017. Seven counts against appellant were ultimately tried before the jury: Count 2 (fraud/intentional misrepresentation); Count 4 (civil theft); Count 7 (breach of contract); Count 8 (unjust enrichment); Count 9 (promissory estoppel); Count 10 (breach of fiduciary duty); and Count 13 (seeking a declaration that Appellee Cheng is the owner of SAA).

{¶19} After hearing the evidence, the jury found as follows: On the count of civil theft, a verdict for Appellee SAA with damages in the amount of $77,830.00 (later trebled); on the count of breach of contract, a verdict for SAA with damages of $35,670.00; on the count of unjust enrichment, a verdict for Cheng and SAC, but with no damages awarded; and on the count of promissory estoppel, a verdict for Cheng, but with no damages awarded. The jury also awarded punitive damages in the amount of $45,000.00, and found in favor of Appellee Cheng, on the declaratory action count, that he is the sole owner of SAA. Finally, the jury found in favor of Appellant Haney the counts of breach of fiduciary duty and fraud.

**{¶20}** Appellant thereafter filed several post-relief motions. In particular, appellant filed a motion for judgment notwithstanding the verdict and a motion for a new trial, which were both denied by the trial court on May 3, 2018. However, the trial court granted appellant's motion to modify appellee's award of attorney fees.

**{¶21}** On June 1, 2018, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:

**{¶22}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADDING A CORPORATION UNREGISTERED TO DO BUSINESS IN THE STATE OF OHIO AS A PARTY PLAINTIFF IN THIS CASE.

**{¶23}** "II. THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF APPELLEE SMART ART AMERICA LLC FOR BREACH OF CONTRACT WHEN THE LOWER COURT LACKED JURISDICTION TO HEAR THE CLAIM.

**{¶24}** "III. THE TRIAL COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF APPELLEE ON THE JURY'S AWARD OF PUNITIVE DAMAGES.

**{¶25}** "IV. THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF APPELLEE ON THE JURY'S VERDICT FINDING APPELLANT COMMITTED CIVIL THEFT."

I.

**{¶26}** In his First Assignment of Error, appellant argues the trial court committed reversible error by adding, as a party plaintiff, the entity known as "Smart Art China, Ltd." ("SAC"), which was unregistered to do business in Ohio.[1] We disagree.

---

[1] For clarification purposes, we emphasize that Smart Art China, Ltd. ("SAC") and Smart Art America, LLC ("SAA") are separate entities.

**{¶27}** R.C. 1703.29(A) generally provides that an unlicensed corporation may not maintain an action in an Ohio court until it acquires an Ohio business license under R.C. 1703.01 through R.C. 1703.31. The phrase "maintain an action" may mean either the commencement of an action or the continuation of an action already begun. *See P.K. Springfield Inc. v. Hogan* (1993) 86 Ohio App.3d 764, 771.

**{¶28}** However, in order to secure reversal of a judgment, a party on appeal must generally show that a recited error was prejudicial. *See Tate v. Tate,* 5th Dist. Richland No. 02-CA-86, 2004-Ohio-22, ¶ 15 (additional citations omitted).

**{¶29}** In this instance, the compensatory and punitive damages awarded in the lawsuit ultimately went to SAA, rather than to Appellee Cheng individually or to SAC. *See* Judgment Entry Modifying Award, May 3, 2018, at 1. As the trial court noted in addressing the challenge to the foreign corporation in its judgment entry denying appellant's motion for JNOV and for a new trial, "SAC played no meaningful role in the trial and received no damage award from it." Judgment Entry Denying JNOV and New Trial, May 3, 2018, at 2.

**{¶30}** We find appellant has failed to demonstrate prejudicial error on this issue. Accordingly, the First Assignment of Error is overruled.

II.

**{¶31}** In his Second Assignment of Error, appellant contends the trial court erred in asserting jurisdiction to hear the breach of contract claim brought by Appellee SAA. We disagree.

**{¶32}** The breach of contract claim in appellees' October 2, 2014 complaint alleged that, among other things, appellant had violated the underlying agreement by

diverting SAA and SAC funds and assets for his personal use, repeatedly claiming ownership of SAA, failing to achieve goals for SAA that appellant himself had established, refusing to leave a house Cheng owned (in which appellant was living rent-free as part of the agreement) and "taking unauthorized actions on behalf of SAA." *See* Complaint at paragraph 70.

**{¶33}** Appellant and appellees presently seem to agree that part of the breach of contract theory in this matter was based on the "implied license" doctrine, even though it is not specifically spelled out in paragraph 70 of the complaint, *supra*. This doctrine "is viewed essentially as a ramification of contract law, and as such the doctrine is usually applied to fill gaps in existing contractual or quasi-contractual relations as a means of identifying the subjective or even objective intent of the relevant parties." Afori, *Implied License: An Emerging New Standard in Copyright Law*, 25 Santa Clara Computer & High Tech. L.J. 275, Abstract (2009). The United States Supreme Court has stated: "No formal granting of a license is necessary in order to give it effect. Any language used by the owner of the patent or any conduct on his part exhibited to another, from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license ***." *De Forest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 241, 47 S.Ct. 366, 367, 71 L.Ed. 625 (1927).

**{¶34}** In essence, appellees concede that in the case *sub judice* they were in part seeking damages for being forced to store certain merchandise that appellant had refused to give consent to sell despite appellees' position that they had been granted an implied license from appellant to market his designs.

**{¶35}** Appellant correspondingly thus urges that the breach of contract claim in this matter should have been resolved in a federal court as an "implied license" claim. However, the Federal Copyright Act "only limits any rights or remedies under State law with respect to infringement activities." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 8th Dist. No. 86067, 167 Ohio App.3d 685, 2006-Ohio-3492, 856 N.E.2d 1008, ¶ 19, quoting *Alternative Systems v. Connors* (N.D.Cal. July 27, 1993), 1993 WL 299223, citing 17 U.S.C. 301(b)(3). But questions regarding the ownership of a copyright are governed by state law and are not the subject matter of federal jurisdiction. *Automated Solutions* at ¶ 20, citing *Scholastic Entertainment v. Fox Entertainment* (2003), 336 F.3d 982, 983 (internal quotations omitted).

**{¶36}** Upon review, we are unpersuaded that the breach of contract aspects of the litigation below pertained to "infringement activities" such that removal to federal court was warranted. Furthermore, we find appellant's claim that the jury should have been instructed on an "implied license" theory to be waived on appeal, as it does not appear from the record that appellant requested such an instruction. *See*, *e.g.*, *Robinson v. Turoczy Bonding Co.*, 8th Dist. Cuyahoga No. 103787, 2016-Ohio-7397, ¶ 32.

**{¶37}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶38}** In his Third Assignment of Error, appellant argues the trial court erred in entering judgment for punitive damages as awarded by the jury. We disagree.

**{¶39}** The decision whether to award punitive damages is within the trial court's discretion and, absent an abuse of discretion, the court's ruling will be upheld. Ohio law provides that an award of punitive damages is available only upon a finding of actual

malice. *Berge v. Columbus Community Cable Access* (1999), 136 Ohio App.3d 281, 316, 736 N.E.2d 517. The "actual malice" necessary for purposes of an award of punitive damages has been defined as (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Id.*, quoting *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus; *Kemp v. Kemp*, 5th Dist. No. 04CA011, 161 Ohio App.3d 671, 2005-Ohio-3120, 831 N.E.2d 1038, ¶ 73.

**{¶40}** Whether actual malice exists is a question for the trier of fact. *Spires v. Oxford Mining Co., LLC*, 7th Dist. Belmont No. 17 BE 0002, 2018-Ohio-2769, 116 N.E.3d 717, ¶ 32, citing *Buckeye Union Ins. Co. v. New England Ins. Co.* (1999), 87 Ohio St.3d 280, 720 N.E.2d 495; R.C. 2315.21(C)(1). "The same standard of review is employed to assess the weight of evidence whether the finding is for compensatory damages or the elements necessary to justify an award of punitive damages." *Id.*, citing *Bosak v. Kalmer*, 7th Dist. Mahoning No. 01 CA 18, 2002-Ohio-3463, ¶ 36. Factual determinations will not be overturned as long as they are supported by some competent, credible evidence going to all the essential elements of the case. *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.

**{¶41}** In the case *sub judice*, the jurors were given instructions regarding punitive damages regarding the counts of civil theft, fraud, and breach of fiduciary duty. *See* Jury Instructions, p. 18. In its post-trial redress of appellant's JNOV motion, the trial court found that the punitive damages "stem[med] from the jury's verdict on the theft claim rather than on the fraud or fiduciary-duty claim." Judgment Entry, May 3, 2018, at 8.

**{¶42}** Appellant presently maintains that the record does not support a finding of malice on his part, and urges instead, for example, that he took responsibility for recruiting a sales representative and procuring a certified public accountant to assist the business (Tr. at 277, 289), used his personal credit rating to help secure a deal with Sam's Club stores (Tr. at 316-320), and contributed his efforts to "successfully [market] consumer products he designed amounting to hundreds of thousands of dollars." (Tr. at 303-332). Appellant secondly maintains that "the jury failed to align their interrogatory answers and verdict forms." Appellant's Brief at 23. This is in apparent reference to Interrogatory 31, in which the jurors answered in the affirmative to the question of "[d]o you find by clear and convincing evidence that Defendant Timothy Haney acted with malice or acted with aggravated or egregious fraud?" In essence, appellant contends the trial court's finding of no breach of fiduciary duty (Count 10) cannot be reconciled with its answer in Interrogatory 31.

**{¶43}** However, malice may be inferred from "reckless, wanton, willful or gross" behavior. *See Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 37, 543 N.E.2d 464. Here, the jurors were presented with several complex questions in reviewing these international business dealings, particularly as to the nature of appellant's compensation arrangements and his status as a full owner, a part owner, an employee, an independent contractor, and/or an agent of SAA. Upon review, we conclude the jurors could have reasonably determined an award of punitive damages was warranted, and we hold the trial court did not abuse its discretion in confirming the award via its ruling on the motion for judgment notwithstanding the verdict.

**{¶44}** Appellant's Third Assignment of Error is therefore overruled.

IV.

**{¶45}** In his Fourth Assignment of Error, appellant argues the trial court erred in entering judgment for civil theft following the jury's verdict. We disagree.

**{¶46}** We find appellant's arguments are in the nature of a "manifest weight" claim. A reviewing court, in addressing a civil manifest weight challenge, must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his or her way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *See Hunter v. Green*, 5th Dist. Coshocton No. 12–CA–2, 2012-Ohio-5801, ¶ 25.

**{¶47}** The complaint in this matter states as follows, in pertinent part, concerning the civil theft count against appellant: "Upon information and belief, [Appellant] Haney has diverted funding from [Appellees] Lee [sic] and SAA as well as from SAC profits for Haney's own personal purposes, thereby constituting theft as defined under the Ohio Revised Code." Complaint at para. 54.

**{¶48}** For purposes of the case *sub judice*, a "theft offense" under R.C. 2307.60 and 2307.61 traces back to the criminal statute, specifically R.C. 2913.02(A):

> (A)    No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> (1)    Without the consent of the owner or person authorized to give consent;
>
> (2)    Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

   (3)  By deception;

   (4)  By threat;

   (5)  By intimidation.

**{¶49}** Appellant's defense to the civil theft claim at trial was that he believed he had been entitled to take a salary or compensation for his work out of SAA monies, particularly funds related to the Sam's Club vendor agreement. *See* Tr. at 312-315. The jurors, upon hearing the evidence, rejected appellant's defense theory that his understanding of the agreements he had with appellees excused his removal of SAA funds. Upon review, we find no basis to disturb the credibility determinations of the finders of fact on this issue.

**{¶50}** Appellant's Fourth Assignment of Error is overruled.

**{¶51}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0507